Pearson, C. J.
 

 The case presents this question : Does the Rev. Code, chap. 56, sec. 1, deprive the husband of his right, according to the common law, to an estate for life in the land of the wife as tenant by the curtesy ?
 

 In the absence of an express provision to that effect, we should be slow in adopting the conclusion, that it was the intention of the law-makers to enact so radical a change in the law; because, if such was the intention, it is reasonable to presume it would have been declared in direct terms, and not be left as a matter of inference.
 
 We
 
 are not able, however, to see any thing in the section, referred to, calculated to raise even a doubt as to its proper construction. • The purpose was to adopt, to a partial extent, the principle of a “ homestead law” and provide a home for the wife during her life, leaving the rights of the husband unimpaired and unrestricted after her death. To this end, the husband is not allowed to sell the land, or even to make a lease for years in her life-time, without her consent, authenticated by deed and privy examination. Nor can his estate, in the land, be sold under execution. To this extent the power of the husband is restricted, but no further; and after her death, there is no intimation of an intention to interfere with his rights according to the. common law. This is manifested by the provision as to the wife’s privy examination and the general scope of the enactment.
 
 *163
 
 The sole object was to provide a home for her, of which she -could not be deprived either by the husband, or by his creditors. , There is no error.
 

 Per Curiam,
 

 Judgment affirmed.