J. M. LONG *v.* A. F. GRAEBER.

A tenant by the curtesy *consummate* may sell his estate, notwithstanding the act, Rev. Code, c. 56, s. 1.

(*Houston* v. *Brown,* 7 Ire. 162, approved.)

CIVIL ACTION for possession of land and for damages, tried before *Cloud, J.,* at Spring Term 1870, of ROWAN Court.

The plaintiff claimed title under a deed by one Gibson, dated 1863, and the latter, under a deed made in 1862 to him as trustee to pay debts, by the defendant. The defendant's title was as husband of a wife he had married in 1851, and

who died in 1861, having had issue born alive, and capable of inheriting.

The defendant claimed that his deed to Gibson was void, as contravening the provisions of the Revised Code, c. 56, s. 1.

His Honor gave judgment for the plaintiff, and the defendant appealed.

*Boyden & Bailey*, for the appellant.
*Blackmer & McCorkle*, contra.

SETTLE, J. Could Graeber, who was tenant by the curtesy consummate, sell his estate? He professed to do so by deed in trust to secure the payment of his debts; but he now contends that the law was more careful of his interests and the rights of the issue by the marriage, than he showed himself to be, and that he, and every one else, is prohibited from selling his estate by Rev. Code, ch. 56, sec. 1, in order that he, at all events, and perhaps his children also, may have a homestead. He seems to think that there is a magic about the *Homestead* which will drive off all debts, though they be secured by deed in trust or other lien. In this he is mistaken.

The principle which governs this case is laid down with great clearness in *Houston* v. *Brown*, 7 Ire. 162. The views contended for, however, in the two cases are widely different.

In *Houston* v. *Brown* the heirs at law attempted to eject the tenant by the curtesy, upon the ground that the act under consideration takes away the husband's right to an estate by the curtesy. Here the tenant contends that the same enactment binds his estate so fast to him that neither he nor any one else can sever it.

The true purpose of the act, it is said in the case just cited, "was to adopt to a partial extent the principle of the

homestead law, and provide a home for the wife during her life, leaving the rights of the husband unimpaired and unrestricted after her death." During her life the husband is under certain restrictions, but "after her death there is no intimation of an intention to interfere with his rights according to the common law."

Per Curiam.                    Judgment affirmed.