The complaint alleged, 1st, that the plaintiff was a tenant by courtesy initiate of the land; 2d, that the defendants were in the wrongful possession of it, and had for ten years received the rents and profits of it; 3d, that the land was conveyed to his wife in fee in the year 1864, and she was in the seizin and possession of it; 4th, that the plaintiff was married to his wife in 1841, and had by her several living children.
The defendants demurred to the complaint:
1. For defect of parties, in that the wife of the plaintiff was not joined with him as a plaintiff;
2. For that complaint did not set forth the facts sufficient to constitute a cause of action against the defendant, in that it did not appear from the complaint that the plaintiff had title to the land in controversy, or to the possession thereof, but on the contrary it did sufficiently appear therefrom that the plaintiff had no title to the land, or right to the possession thereof.
The cause coming on to be heard at the last Superior Court of CATAWBA county, before his Honor Judge Mitchell, when the demurrer was sustained, and the plaintiff appealed.
The record of the Superior Court did not show that any judgment had been rendered.
The Judge ruled that the wife of the plaintiff ought to have been joined with him in the action.
In ejectment under the old system a lease by plaintiff was the foundation of the action, and the husband had to join his wife (671) where a joint lease was necessary. Williams v. Lanier, 30 N.C. 30. But here no lease is necessary to be alleged or admitted as it is an action under the C. C. P. The wife, therefore, is not a necessary party plaintiff.
But she is a necessary party to the action, as a party in interest, C. C. P., sec. 62. Her deeds, her covenants, make her interested in the result, as they are drawn in question. But as she would not consent to be made a party plaintiff, she is made a defendant. C. C. P., sec. 62. *Page 540 
As to the right of husband to sue his wife, see C. C. P., sec. 56. If she is to be regarded as misjoined, it is no error. Green v. Green,69 N.C. 294.
Where the complaint does not state facts sufficient to constitute a cause of action, it is a good cause of demurrer. Battle's Rev., chap. 17, sec, 95.
A tenancy by the courtesy is an act of the law. It requires four things, to wit: marriage, seizin, issue born alive and the death of the wife. There is no allegation in the complaint that the husband was ever seized in right of his wife at any time during the coverture. If the wife were dead, he could not sue, because he has never had possession, and has no right left in him by reason of the disseisin to be tenant by the courtesy.
As the law now stands, he has no estate in the land separate from his wife. He cannot lease it, even for a day, without joining his wife and having her privy examination taken. He cannot sell (672) without her consent, nor can it be sold for his debts. It is her land, and he cannot go upon it except in her right. He could not bring an action of ejectment under the old practice, because he could not make a lease to John Doe. It is her separate estate. He is entitled to go on the land and receive the rents and profits, or work it, while she is in possession. In pleading, he must allege that he had issue during the marriage. 1 Coke Lit., 30.
The complaint says that they were married in 1841, and he has several living children by her. This is not sufficient.
If he had issue during the marriage by her, then he is only tenant by the courtesy initiate, which gives him only a scintilla of right, during the life of the wife; but not such a right as will allow him to bring a suit without joining her.
The defendant assigns for cause of demurrer:
1. That the wife of plaintiff is not joined with him as a co-plaintiff. The answer to this is found in the opinion of the Court in Williams v.Lanier, 44 N.C. 30, where it is said: "For these reasons it has been settled, for upwards of a century, that the latter (the reversion or remainder man) may bring case in the nature of waste, for the injury to the inheritance; and that the former (the particular tenant) trespass quareclausum fregit, for the injury done to him."
In that case the particular tenant was a tenant by the courtesy *Page 541 
initiate, and he was held barred by the statute of limitations. For an injury done to the inheritance his wife must have joined in the suit; for a trespass to the possession, he could sue alone.
As the plaintiff has a right to sue alone, there is no necessity to consider the effect of C. C. P., sec. 62, in such a case.
2. That the complaint does not show that the plaintiff was entitled to the possession of the land. We pass by the exception that the complaint does not positively show that the children were born after the marriage, because it is a mere matter of form, which might have been amended, and was not assigned as a cause of demurrer in the Court below. (673)
The complaint appears to state every thing necessary at common law, to make the plaintiff a tenant by the curtesy initiate. 1. Marriage in 1864; 2, the birth of living children; 3, the seizen of the wife under the deed from John Rabb to her in 1864.
It is suggested that the act of 1848, Revised Code, chapter 56, section 1, deprives the husband of his curtesy. But the contrary has been decided.Houston v. Brown, 52 N.C. 161. As the plaintiff in this case was married in 1842, he comes within the meaning of that act.
Again, it is said that as by the act of 1848, the plaintiff can not lease the land, he can not recover the possession, at least unless his wife is a co-plaintiff. Probably the disability to lease might have been a difficulty in the old action of ejectment, though probably the Courts would have moulded the fiction of a lease in such cases to meet the demands of justice. But if the plaintiff is entitled to the possession, the inability to lease is no bar to his recovering it; and if he is tenant by the curtesy initiate, as it has been held that he is, he must necessarily be entitled to the possession, there being no other immediate estate.
The record in this case fails to set forth that any judgment was rendered below.
PER CURIAM. The case is remanded to be proceeded in, c., but by reason of the defect mentioned, neither party will recover costs in this Court.
Jones v. Cohen, 82 N.C. 81; McGlennery v. Miller, 90 N.C. 220; Osbornev. Mull, 91 N.C. 201; S. v. Mills, 91 N.C. 593; Morris v. Morris,94 N.C. 618; McCaskill v. McCormac, 99 N.C. 551; Thompson v. Wiggins,109 N.C. 509; Walker v. Long, 109 N.C. 511; Taylor v. Taylor,112 N.C. 138; Perry v. Stancil, 237 N.C. 445; *Page 542