N. A. JONES and wife, HARRIET JONES v. ABIJAH CARTER.

Since this act of 1848, a husband, as tenant by the curtesy initiate, is not empowered by law to dispose of his life estate in the lands of his wife, yet still as he is entitled to the rents and profits of the same, during the coverture, or until such time as the wife objects to such claims by him, by reason of her complete ownership, he can dispose thereof.

This was a CIVIL ACTION, to recover real estate, and damages for its occupancy, tried before his Honor, Judge *Henry*, at Fall Term, of FRANKLIN Court, upon the following case agreed:

(1.) The plaintiffs, N. A. Jones and Harriet, his wife, were married before the year A. D. 1848, and had issue born alive and are now living.

(2.) By deed dated the 13th of July, 1855, H. L. Perry, brother of the *feme* plaintiff, conveyed the land mentioned in the pleadings to his sister, the *feme* plaintiff. This deed was not proved until the 17th of March, 1873, and was registered on the 3d of the following June. The defendant had no knowledge of its existence till just before the institution of this action.

(3.) On the 13th day of May, 1859, the plaintiff, N. A. Jones, sold the said land, about eighty-five acres, to the defendant, Jno. Chamblee, for the sum of three hundred dollars, and made and delivered to him a deed therefor; and he, said defendant, has been in possession, receiving the rents and

Jones and wife *v.* Carter.

profits of said land since the delivery of said deed. The *feme* plaintiff, Harriet, did not join her husband in the making and execution of the said deed to Chamblee.

Upon the foregoing facts, his Honor adjudged, ordered and decreed that the plaintiff Harriet Jones recover the said land, and that a writ of possession issue, &c. And further, that said plaintiiff is entitled to the rents and profits of said land from the date of the deed to said defendant, Chamblee, and that it be referred to the Clerk to state an account thereof, and report, &c., and that defendant pay costs.

From this judgment defendant appealed.

*Battle & Son* and *Davis*, for appellant.
*Batchelor* and *Lewis*, contra.

Pearson, C. J. At common law a husband, after the birth of issue, became entitled to an estate for his life as tenant by the curtesy initiate, and had a right to convey his estate.

This land was acquired by the wife after the act of 1848. Admit that the effect of that act is to deprive the husband of his right to acquire an estate for life as tenant by the curtesy initiate, which is the only mode by which the provision that he shall not dispose of the land for his life can be carried into effect; still the husband was entitled to the rents and profits during the coverture, until such time as the wife objected to it and set up her claim by reason of her ownership of the land. This she did not do until the commencement of this action, May 5th, 1873. It follows that one who purchased from the husband has a right to recover the price paid for the supposed life estate of the husband under his warranty, so as to recover rents and profits up to the commencement of the action. The judgment below will be modified so as to allow Mrs. Jones, the *feme* plaintiff, damages for the rents and profits only from and after 5th of May, 1873.

This opinion will be certified.

Per Curiam.                    Judgment accordingly.