DANIEL .WHISSENHUNT v.· W. C. JONES and others.

*Action to Recover Land—Practice—Damages.*

1. In an action to recover land, where both plaintiff and defendant· claim under the same person, it is not competent for either to deny that such person had title.

2. Where in such action, a defendant is allowed to come in and defend the action as landlord of the original defendants, he can not object that no notice to quit was given to them.

3. In an action to recover land and damages for the time the plaintiff' has been kept out of possession, damages are recoverable up to the time of the trial.

(*Love* v. *Gates*, 4 Dev. & Bat. 363; *Foust* v. *Trice*, 8 Jones 490; *Miller* v. *Melchor*, 13 Ire. 439; *Jones* v. *Carter*, 73 N. C. 148, cited and approved.)

CIVIL ACTION to recover Possession of Land, removed from Caldwell and tried at November Special Term, 1877, of BURKE Superior Court, before *Schenck*, *J.*

Both parties claimed title under Henry Yount. The defendants, Mack Chester and Wesley Watson, were at first let into possession of the land in dispute as tenants of the plaintiff. The defendant, Yount, came in and defended the action as landlord. The defendant, Jones, was also allowed to be made a party defendant; and in his answer alleged that he was the owner of the land at the time when this action was instituted, and that the defendants, Chester and Watson, were his tenants, and that defendant, Yount, was never in possession of the same.

The plaintiff put in evidence a deed from Yount to John Hayes, dated July 3d, 1867, and one from Hayes to plaintiff' dated October 2d, 1869, conveying the land to plaintiff; also a deed from the Sheriff to the defendant, Jones, dated March 12th, 1870, (execution sale of Yount's land) which said last deed was introduced to estop the defendants from denying

Yount's title (all the deeds covering the land in controversy).

The plaintiff testified that after he paid for and took possession of the land, he employed defendants, Chester and Watson, to work a part thereof under a certain agreement; that about the time the crop was gathered, the defendant Jones instituted a proceeding before a Justice of the Peace against him, and being ignorant of his rights and wishing to avoid a law-suit, he paid rent on the part of the land he worked, to Jones, and directed the tenants to do the same. There was much other evidence on the part of plaintiff and defendants, but it is not material to the points decided here.

The defendants insisted, (1) That plaintiff could not recover because no notice to leave had been served upon Chester and Watson who were the original defendants, and (2) That if plaintiff was entitled to damages in any event, they could only be given to the time when the suit was commenced, and not to the time of the trial.

Upon the issues submitted and under the instructions of His Honor, the jury found for the plaintiff. Judgment. Appeal by defendants.

*Messrs. A. C. Avery* and *R. F. Armfield*, for plaintiff.
*Mr. G. N. Folk*, for defendants.

BYNUM, J.   1. Both the plaintiff and defendants claimed title under one Yount. In such case the rule is settled in this State, that it is not competent for either claimant to deny that such person had the title; and though the defendants may show that they have in themselves a better title than the plaintiff, they cannot set up a title in a third person. *Love* v. *Gates*, 4 Dev. & Bat. 363. The plaintiff here had the elder and superior title and was therefore entitled to recover, unless he was prevented by the next exception.

2. But it was next objected that the plaintiff cannot re-

cover, because no notice to leave had been served upon the original defendants, Watson and Chester, who went into possession under the plaintiff, as his tenants from year to year.

The answer is, that the defendant, Yount, was allowed to come in and defend the action as landlord, and in such case it is settled that no notice before beginning the action is necessary. The application of Jones to defend in place of the tenants, presupposes that the tenants are the tenants of Jones; so that although they entered at first as the tenants of Whissenhunt they must have subsequently attorned or turned over to Jones, and thereby disclaimed and disavowed their tenancy to Whissenhunt, and thus put themselves in the wrong which dispensed with notice. *Foust* v. *Trice*, 8 Jones 490.

3. The last exception is that damages could only be given to the commencement of the action, and not to the time of trial. We think otherwise. The action is for the recovery of the possession of the land, and for damages for the time the defendants have wrongfully kept the plaintiff out of possession. Had this been the old action of ejectment, it has been decided that in that action which was originally and properly an action for damages only, the actual damages could be assessed for the trespass. When afterwards the action of ejectment was divided into two actions, one to try the title and the other to recover the mesne profits after the possession had been recovered, it was still competent in the latter action, to recover damages for the entire time the premises were occupied by the defendants. *Miller* v. *Melchor*, 13 Ire. 439.

The only difference between the action of trespass for the mesne profits under the old system, and the present action under the Code, is that in the former, the writ did not lie until the possession had been actually recovered in the action of

ejectment, while in the latter case the action is for both the possession and the damages for the use and occupation at the same time. But they are both alike in this, that by either, damages are recovered for the time the plaintiff was kept out of possession by the defendants. The purpose of the Code in actions of this nature, as it is in all others, is, that a complete determination shall be made of all matters in controversy growing out of the same subject of the action. Evidently this action would fall short of that consummation, if the plaintiff could recover damages only up to the commencement of the action, and should be put to another action to recover the damages sustained subsequently, but before the time of the trial. That the damages up to the time of trial are recoverable in this action, is further apparent from the provisions of the Code, §§ 217, 261 (4) 262 (a.) (e.). Taylor's Landlord and Tenant, §§ 710–11–12. We are therefore of opinion that the mesne profits, by way of damages were properly assessed up to the time of trial. *Jones* v. *Carter,* 73 N. C. 148. It appears in the case that the plaintiff under some misapprehension of his rights, directed the rents for the year 1869, to be paid by his tenants to their co-defendant, Jones. His Honor held that having thus assigned them, the plaintiff cannot recover the damages for the rents of that year. In that there is no error. It was also agreed by the parties that the defendant, Jones, in case of recovery by the plaintiff, should retain the rents of 1877, paying therefor the assessed damage of $33.33 1-3, and judgment was rendered in the Court below for the damages assessed for the time of the occupation of the defendants except the first year as before explained. As the rents were paid by the tenants to their landlord, Jones, he, as between the defendants, is primarily liable for the amount of the judgment. The judgment of the Superior Court is affirmed, with this modification, that no execution shall issue against

his co-defendants, if satisfaction of the execution against Jones and his sureties can be had.

There is no error.

PER CURIAM.                                Judgment affirmed.