W. J. JONES and others v. ADOLPH COHEN and wife.

*Deed of Infant Feme Covert—Pleading—Practice—Judgment— Mesne Profits—Improvements—Courtesy—Tenants in Common—Ouster.*

1. Since the enactment of section 8, chapter 37, of the Revised Code, the deed and privy examination of a feme covert has no longer the effect of an assurance of record, like a fine in England, but may be collaterally impeached on the ground of infancy or other disability.

2. In ejectment, any deed produced as a link in the chain of title may be attacked and invalidated by showing incapacity in the maker; and this without specially pleading the impeaching facts.

3. Where husband and wife disaffirm a deed of the wife's land made by them, before the constitution of 1868 and during the coverture, on the ground of the wife's infancy, and recover the land conveyed, judgment should be in favor of the husband for the rents and profits, with interest from the time the annual rents fell due, less the purchase money (which should be restored to the defendant) and the value of the permanent improvements made by the defendant.

4. One tenant in common cannot sue another for taking possession of property to which each has the same and an equal right, when there has been no ouster.

(*Woodburne* v. *Gorrel,* 66 N. C., 82; *Wright* v. *Player,* 72 N. C., 94; *Paul* v. *Carpenter,* 70 N. C., 502; *Vick* v. *Pope,* 81 N. C., 22; *Houston* v. *Brown,* 7 Jones, 161; *Wilson* v. *Arentz,* 70 N. C., 670; *Jones* v. *Carter,* 73 N. C., 148; *Neely* v. *Neely,* 79 N. C., 478, cited, commented on and approved.)

CIVIL ACTION tried at Fall Term, 1878, of CRAVEN Superior Court, before *Seymour, J.*

The plaintiffs are W. J. Jones and wife Clara and Freeman S. Ernell, and the defendants are Adolph Cohen and wife Sally. The complaint alleges that plaintiffs are the owners in fee of a tract of land in Craven county, which descended to them from their grandfather, Moses Ernell, and known as lot No. 2 in the partition of his real estate, and that defendants withhold possession of the same. The defendants deny the allegation, and say that Adolph Cohen is the owner in fee of one-half of the land, to wit, that claimed by Jones and wife, having bought it from them in the year 1866, and received a deed in fee with the privy examination of the feme plaintiff. And that by said purchase, Adolph became tenant in common with the other plaintiff, Ernell, and in 1867, filed a petition against Ernell in the court of equity for a sale of the land; that a guardian *ad litem* was appointed to protect the interest of Ernell, then a minor, and a report being submitted that it would be to the interest of the minor to sell, an order of sale was accordingly made, and the land sold for five hundred dollars on the 7th of February, 1870, on a credit of six and twelve months; that Ernell became of age on the 14th of August, 1870, and filed an affidavit in the cause on the 7th of February, 1873, opposing the confirmation of the sale, and admitting his co-tenancy with Cohen; and the defendants therefore allege that plaintiffs are not entitled to the possession. The issues and finding of the jury are embodied in the opinion. Judgment for plaintiffs, appeal by defendants.

*Messrs. Green & Stevenson* and *W. W. Clark,* for plaintiffs.
*Messrs. Manly & Son* and *Reade, Busbee & Busbee,* for defendants.

JONES *v.* COHEN.

SMITH, C. J.   The plaintiffs, claiming to be tenants in common of the land described in their complaint, sue the defendants to recover possession and damages, as such, during their occupancy.   The defendants, admitting the plaintiff, Freeman S. Ernell, to be the owner of one moiety of the land, deny the title of the other plaintiff to the other moiety, and assert that they, by their deed executed in 1866 and duly proved and registered with the proper privy examination of the wife, conveyed their estate and interest to the defendant, Adolph Cohen.   The answer further alleges that the next year after the making of the deed, the said Adolph filed his bill in the court of equity of Craven against the said Ernell, then an infant, for partition and sale of the property so held by them in common, and that pursuant to a decree rendered therein, the same was sold, the sale reported, and a motion to confirm was still pending in the cause undetermined.   Upon the trial four issues were submitted to the jury, and their findings are as follows : 1. The feme bargainor, Clara, was under twenty-one years of age when she executed the deed.   2. The defendant is entitled to the sum of five hundred dollars, paid by him to the plaintiff, W. J. Jones, at the time of the purchase.   3. The damages sustained by the plaintiff for the withholding of possession are fifty dollars per annum from the date of the conveyance.   4. The value of the permanent improvements to the land is two hundred and eighty dollars.

Upon this verdict the court adjudged that the plaintiffs are entitled to the real estate described in their complaint in fee simple, " and that they recover possession thereof," and also one hundred and thirty-two dollars and fifty cents for the detention, and from this judgment the defendants appeal.

Numerous points were made by the appellant's counsel in the course of the argument before us, of which such as are deemed material will be noticed :

1. It is insisted that the deed executed by the plaintiffs, Jones and wife, cannot be collaterally impeached by proof of unsoundness of mind or the infancy of the wife, and the cases of *Woodburne* v. *Gorrel*, 66 N. C., 82, and *Wright* v. *Player*, 72 N. C., 94, are cited and relied on. These cases do sustain the proposition contended for, and in the last the defence of the infancy of the wife at the time of making the deed and the taking her privy examination was set up to defeat its operation and disallowed. The decisions proceed upon a construction of the words of the enactment in force when the deeds were proved and the wife's examination had, declaring that such deeds, after registration, "shall be as valid in law, to convey all the estate and title which such wife may or shall have in any lands, tenements and hereditaments so conveyed, whether in fee simple, right of dower or other estate, *as if done by fine and recovery*, or any other means whatsoever." Rev. Stat., ch. 37, § 9. The force and effect of these latter words, it was held, gave to the privy examination the sanctity and conclusiveness of a judicial determination which could only be reversed by some direct mode of impeachment. If the deed under review had been authenticated under the provisions of the same statute, the authorities would be decisive. But, in fact, the probate, examination and registration were in 1866, when the statute had been superseded by section 8, chapter 37 of the Revised Code, in which the operative words that controlled the interpretation of the former law are entirely omitted, and the substituted section, after prescribing how the real estate of married women may be conveyed, declares that such deeds "shall be valid in law to convey all the estate, right and title, which such wife may have in the said lands, tenements and hereditaments." These words are nearly identical with those contained in section one, in which it is provided that all deeds, proved and registered as therein directed, "shall be valid and pass estates in land without livery of seizin,

attornment or other ceremony whatever." We are not at liberty to suppose this changed phraseology was aimless or accidental, and its only apparent purpose seems to be to place all deeds, by whomsoever made, upon the same footing and open to like defences. This intent is plainly manifest in the present law which only prescribes the forms to be observed in conveying the estates of married women, and leaves the effect of their deeds to be governed by the law applicable to the deeds of persons who are not under disability. Bat. Rev., ch. 35, § 14. Thus annulling a discrimination against those who are peculiarly entitled to its protection in their person and property. It is true, *Woodburne* v. *Gorrel* was decided in January, 1872, after the amendatory acts were passed, and of course could not have been in contemplation of the law-making power, but in ascertaining its will from an examination of its enactments and the language employed to express it, our deduction of an intent to do away with an unreasonable discrimination seems logical and just.

In *Paul* v. *Carpenter*, 70 N. C., 502, also cited, the deed was made in 1864, subject to the provisions of the Revised Code, and RODMAN J. delivering the opinion, speaks of the acknowledgment and examination as "a judicial act" and that such deed when duly taken is ".an assurance of record, like a fine in England"—citing *Woodburne* v. *Gorrel*. But his attention seems not to have been called to the change in the phraseology of the statute applicable to that deed and the total absence of all reference to a ." fine and recovery " in determining its character and effect. Besides, this was not a point in the cause, the sole question being whether the appointee of the military authorities of the United States, then in possession of the locality where the act was done, was legally competent to take and certify the acknowledgment and privy examination. We cannot, therefore, regard the *dictum* as binding upon us.

2 It is next insisted that infancy, if available, cannot be set up to defeat the deed unless specially brought forward and relied on in a replication, and then only by the feme herself. In *Vick* v. *Pope*, 81 N. C., 22, it is said "that to her husband's management and protection are entrusted the interests of the wife in an adversary suit and in the absence of collusion or fraud on his part with the plaintiff, the judgment must be conclusive as to antecedent matters and as effectual as in other cases. More especially must this be so, since the law dispenses with a guardian or *prochein ami* and now leaves to *them alone to set up and establish* any defence that either may have against the plaintiff's demand.

The learning on the subject of pleading derived from the old practice is inapplicable to the present system. The answer denies title in Jones and wife to one-half of the land and alleges an assignment of their estate to one of the defendants. The defence is somewhat analogous to the old pleas of the general issue and *liberum tenementum*, the averment being that though a moiety of the estate once belonged to the feme plaintiff, it passed by the deed of herself and husband to the defendant Adolph. It is in the nature of a confession and avoidance, and by C. C. P., § 105, no replication is necessary, unless the court on the defendant's motion shall so order. The deed is unnecessarily set out in the answer, instead of being offered in evidence on the trial of the controverted allegation of the complaint, but this specific recital does not change the proofs which may be offered in either case. The rule itself which required infancy to be specially pleaded under the former practice, applies to executory contracts whose obligations are sought to be enforced by action, but not to executed instruments when the enquiry is as to their operation and effect. In ejectment, any deed produced as a link in the chain of title may be attacked and invalidated by showing incapacity in the maker; and this, without any record specification of the

nature of the obligation. This objection is therefore un-tenable.

3. The next question to be considered is as to the judg-ment which should have been rendered on the facts found by the jury. It is not disputed that the defendants are en-titled to have the assessed damages reduced by the value of the permanent improvements. We think also the defendant Adolph, as he loses the land by the election of the feme grantor to avoid her deed, has a right to the return of the purchase money he has paid. This sum after extinguishing the excess of one-half of the damages above one-half the value of the improvements, is the individual debt of the plaintiff W. J. Jones, for which the said Adolph is entitled to judgment against him, and interest should be allowed on the purchase money from the time of payment and on the several annual rents, as each becomes due. The application of the money received by said W. J. Jones is applied to half the annual rents because those rents, as the value of the use and occupation, belong to him as husband. The act of 1848 (Rev. Code, ch. 50 § 1) does not deprive the husband of his estate by the courtesy initiate or consummate of his wife's lands, nor take away his right to the rents and profits during the marriage. *Houston* v. *Brown,* 7 Jones, 161; *Wilson* v. *Arentz,* 70 N. C., 670; *Jones* v. *Carter,* 73 N. C., 148.

The plaintiff Ernell cannot recover in this action for a tortious possession and withholding, because the facts do not support the allegations as to him made in the complaint. He has not been ousted, nor his title denied. The defend-ant Adolph entered into possession under a deed, operative until avoided, conveying an undivided half-part, not as sole owner, but as a co-tenant with him, and without some act of ouster or exclusion, one tenant in common cannot sue another for taking possession of property to which each has the same and an equal right, and his only remedy is for an

account and division of the profits. *Neely* v. *Neely*, 79 N. C., 478.

It will be referred to the clerk of this court to state the accounts between Jones and wife and Adolph Cohen, and report to the court upon the basis herein indicated, to the end that judgment final may be rendered.

Error.                                                    Judgment modified.