EMMA FITZGERALD *et al.* v. S. J. SHELTON.

*Action to Recover Land—Deed—Evidence—Insanity—Pleading.*

1. New matter set up in the answer, not relating to a counter claim, is taken to be controverted without further pleading—*The Code*, §268. The Court however may require a formal reply to such new matter. *The Code,* §248.

2. In an action to recover land, it is competent for one party to show that a deed offered by the other, in support of his title, is void for want of capacity in the vendor, although such deed may have been specially set up in the pleadings and relied upon, and no formal reply thereto or notice of attack given before the trial.

3. Where evidence was offered tending to show that the vendor was of unsound mind. and had executed the deed under an insane impulse and without consideration ; *It was held*, that it was competent for those who claimed under the assailed deed to show letters, declarations and other acts of the vendor explanatory of his motives, and of the consideration which moved him.

(*Jones* v *Cohen.* 82 N. C., 75 ; *Wood* v. *Sawyer*, Phil. 251. approved, and *Riggan* v. *Green*, 80 N. C., 236. distinguished.)

CIVIL ACTION, tried at July (special) Term, 1885, of HAY-WOOD Superior Court, before *Graves, Judge.*

The plaintiffs, the heirs at law of J. A. B. Fitzgerald, bring this action to recover the land described in the complaint. They simply allege title thereto in themselves, that the defend-

ant is in possession thereof, and unlawfully withholds the same from them.

The defendant denies that the plaintiffs have such title, and that he unlawfully withholds possession of the land from them, and for further defence he alleges :

"I. That in the lifetime of plaintiff's ancestor, J. A. B. Fitzgerald, he conveyed the land in controversy to William and Margaret Swanger.

"II. That said William and Margaret Swanger are now residents of the State of Tennessee, and are minors.

"III. That said William and Margaret, as defendant is informed and believes, are the owners of said land.

"That the defendant is the tenant of said William and Margaret, and he is informed and believes that they are necessary parties to this action."

Issues were submitted to the jury, and there was a verdict in favor of the plaintiffs. The Court gave judgment for them, and the defendant appealed.

The following is a copy of so much of the case settled upon appeal as it is necessary to set forth here :

"The plaintiffs showed apparent title to the land described in the complaint in J. A. B. Fitzgerald, their ancestor. It was admitted that the defendant was in the possession of the land described in the complaint. The plaintiffs offered testimony to show the value of the rents and profits of the land.

"The plaintiffs then rested.

"The defendant then offered in evidence a deed duly proven and registered in Haywood county, from the said J. A. B. Fitzgerald to William and Margaret Swanger.

"To this evidence plaintiffs objected, because, as they alleged, the grantor did not at the date of the alleged deed, have sufficient mental capacity to make a deed. The Court overruled the objection, and allowed the deed to be read in evidence, subject to the proof of the want of capacity. The deed was sufficient in form, and bore date ____, 1870.

"The defendant closed his case.

"The plaintiffs then offered to show that at the time of executing the alleged deed read in evidence by the defendant, J. A. B. Fitzgerald, the grantor, did not at the time of the alleged execution thereof, have sufficient mental capacity to make a deed.

"The defendant objected that such evidence ought not to be received, for the defendant had set out in his answer that he held under the deed of the said J. A. B. Fitzgerald, and could not be dispossessed while he held under it, and that the plaintiffs could not be heard to prove want of mental capacity in their ancestor so as to avoid his deed, without allegation and notice to the defendant. The Court overruled the objected and the defendant excepted.

"The plaintiffs then offered evidence tending to show a want of capacity, and S. L. Love, a physician of thirty years' practice, testified that in his opinion J. A. B. Fitzgerald was a monomaniac, especially on the subject of religion, under the deluson that it was his religious duty to give away all his property. That he first knew him as a lawyer, afterwards as a preacher. That about 1860 he retired from the public, and lived a secluded life. He educated his children under his own tuition. Other witnesses expressed the opinion that J. A. B. Fitzgerald was of unsound mind, and especially on religion and matters of that kind. That he gave away all his property, and left his children destitute. There was much evidence on the question of capacity, but it is not deemed material to set out any more of the evidence for plaintiffs.

· "It appeared in evidence, that at the date of the said deed, · William and Margaret Swanger were infant children of one William Swanger, who died in the war, and that S. Fitzgerald was administrator on the estate of said Swanger, and as such had sold his land, and that at the sale J. A. B. Fitzgerald became the purchaser, and that plaintiffs still held the land so purchased. This was not the land in suit, but another tract known as mountain land.

"The defendant was allowed to show the value of this tract sold by S. Fitzgerald and bought by J. A. B. Fitzgerald, and there was evidence tending to show that its present value is about five hundred dollars.

"The defendant also offered a letter shown to be in the handwriting of J. A. B. Fitzgerald to E. P. Jones, grandfather of William and Margaret Swanger, in which he explained his reasons for making the alleged deed to said William and Margaret.

"The defendant then offered to read in evidence the deed from S. Fitzgerald, administrator, conveying the mountain land, or Swanger land, to J. A. B. Fitzgerald, for the purpose of showing what price had been paid for it. The deed bore date 1867, and recited the land was sold in 1864 for $200.00. The plaintiffs objected, and the defendant added that he also offered the deed to show "that J. A. B. Fitzgerald was competent to purchase land, take a deed, and make a good bargain. That he got the land greatly under its value, and that the deed of 1870 was not the result of a religious hallucination and disordered mind, but was the result of a well balanced mind to recompense the said children for the advantage he gained in the purchase."

The Court being of the opinion that the deed was incompetent, sustained the plaintiff's objection, and the defendant again excepted.

*Mr. M. E. Carter,* for the plaintiff.

*Mr. Theo. F. Davidson,* (and *Mr. G. S. Ferguson* also filed a brief), for the defendant.

MERRIMON, J., (after stating the case). The defendant did not plead a counter claim, and the new matter of defence alleged by him in his answer was properly taken as denied by the plaintiff. *The Code,* §268. They were to be treated by the Court and the defendant, as having denied that their

ancestor had executed such deed as that alleged in the answer, and the defendant had notice to be prepared to establish it against any attack that they could make upon it. The defendant might have moved that the plaintiff be required to make reply to the new matter alleged in the answer, as allowed by the statute, (*The Code*, §248), but he did not do so. Ordinarily, a party can anticipate the objection to a deed or other instrument to be produced by him on the trial in a case like this, but if in some cases he could not, the Court might, in a proper case, require the opposing party to give notice of the grounds of attack, or if a party should be surprised on the trial, the Court might, for just cause, direct a mistrial, or after the verdict, grant a new trial. It is not required in actions to recover land that the pleadings shall allege or set forth a summary of the evidence of title, or particularly how it is proposed to establish it. Each party is expected to go to trial prepared to prove his case, and to have the evidence produced by him thoroughly scrutinized, tested and resisted, just as in other actions. In actions generally, each party produces his evidence without any notice to the opposing party of its nature. In this case the defendant did not need to allege the deed in question. He might have put it in evidence on the trial without notice of it to the plaintiffs. So that the first exception cannot be sustained. *Jones* v. *Cohen*, 82 N. C., 75.

The defendants counsel relied upon *Riggan* v. *Green*, 80 N. C., 236. That case is not pertinent here. In it the parties relied upon equities alleged in the pleadings. This is simply a case at law. No equity is alleged or relied upon.

A very great variety of facts oftentimes make evidence tending to prove the insanity of a person alleged to be insane. If his general course of conduct, his methods of business, his particular business transactions, his conversation, his declarations made from time to time, his ordinary speech, his speech and his actions on particular occasions, his man-

ners, his habits, are very eccentric, foolish, unnatural, absurd and shocking to reasonable people, what he so says and does is evidence going to prove that he is insane. Such evidence would be stronger or weaker in proportion to the degree of absurdity, unreasonableness, and unnaturalness of what such person so did and said—it might be very strong—it might be so slight as not to be sufficient to go to the jury at all. Merely immoral, vicious and criminal acts would not of themselves be evidence of insanity—they might be, in connection with other facts. In an inquiry in such respect, it becomes necessary and pertinent to scrutinize the transactions, declarations and conduct of the party whose sanity is in question, with a view to ascertain whether or not the same are indeed absurd, unreasonable and unnatural. It is not every act that seems to be thus that is so in fact; it frequently turns out that what so appears is just the reverse, and tends to prove the intelligence and wisdom of the person doing the act in question.

Hence, explanatory evidence as to the reasonableness, naturalness, justice and wisdom of the particular acts or transactions relied upon as evidence of insanity, is competent. In the case before us, no particular facts or evidence were relied upon to prove the insanity of the person whose sanity is in question. His general conduct, his business transaction, some of them, and the opinion of a physician constituted the evidence relied upon.

We think, therefore, that the Court erred in rejecting the evidence—the letter and the deed offered by the defendant explanatory of the motives and considerations that prompted the maker of the deed in question to execute it. The letter written by himself, at the time he executed the deed, states why he did so, and it was proper that what he said in that connection should go to the jury to help them to determine the condition of his mind at that time. And the deed offered in evidence also, was some evidence of what he paid

for the land he purchased at the sale of the administrator, and the character of the transaction as reasonable or otherwise. *Wood* v. *Sawyer*, Phil. 251.

The defendant is entitled to a *venire de novo*.

Error.                                                    Reversed.