S. O. THOMPSON v. C. W. WIGGINS.

*Curtesy, tenant by—Husband and Wife—Constitution.*

1. A tenant by the curtesy initiate cannot maintain an action for the rents of his wife's real estate, when the marriage has taken place since the Constitution of 1868.

2. The only right attaching to such tenancy by the curtesy initiate in the wife's real estate, is the bare right of joint occupancy with the wife with the right of ingress and egress.

3. The tenant by the curtesy *initiate* is still a freeholder.

CIVIL ACTION, tried before *McIver, J.,* upon waiver of jury trial, at September Term, 1891, of ROBESON Superior Court.

There was judgment for plaintiff, from which defendant appealed.

*Messrs. Black & Patterson* (by brief), for plaintiff.
*Messrs. French & Norment* (by brief), for defendant.

CLARK, J.: The question presented is the right of the husband to sue for the rents of the wife's real estate when the marriage has taken place since the Constitution of 1868. That Constitution provides, Art. 10, § 6, that the real and personal property of any female, whether acquired before or

after marriage, " shall be and remain the sole and separate estate and property of such female." The rents arising from her real estate are, therefore, the wife's, and an action therefor must be brought by the wife, she being the real party in interest. *The Code,* §177. It is not even necessary that the husband be joined as a party plaintiff (*The Code,* § 178 [1] ), much less can he sue alone. The fact that the defendant here had paid the rent for the two previous years to the husband, is evidence of agency, which would usually protect the defendant if he had paid the rent again to the husband, but would not authorize the husband to sue for the rent, as the action must be brought in the name of the principal, the real party in interest. Besides, such agency, if it existed, had been terminated by the insanity of the wife. The action can only be maintained by a guardian of the lunatic wife.

The cases which recognize the husband's right to sue alone for the land, or for the rents and profits by virtue of his tenancy by the curtesy *initiate,* are all cases where the marriage took place prior to the Constitution of 1868. *Wilson* v. *Arentz,* 70 N. C., 670; *Jones* v. *Carter,* 73 N. C., 148; *Morris* v. *Morris,* 94 N. C., 613. *Houston* v. *Brown,* 52 N. C., 161; *Teague* v. *Downs,* 69 N. C , 280; *Jones* v. *Cohen,* 82 N. C., 75; and *State* v. *Mills,* 91 N. C., 581, were also decisions as to the effect of the Act of 1848 upon tenancy by the curtesy *initiate* without reference to the later action of the Constitution of 1868 upon it.

Tenancy by the curtesy consummate, remains as at common law. *The Code,* §§ 1838, 1839; *Houston* v. *Brown, supra.* The husband may sell such interest, *Long* v. *Graeber,* 64 N. C., 431, and it is liable to sale under execution against him after his wife's death. *McCaskill* v. *McCormac,* 99 N. C., 548. By virtue of the Act of 1848, and the further modification made by the Constitution of 1868, the tenancy by the curtesy *initiate* is stripped of its common law attributes (*Long* v. *Walker* and *Jones* v. *Coffey,* both at this term), till there only

remains the husband's bare "right of joint occupancy with his wife, with the right of ingress and egress" (*Manning* v. *Manning*, 79 N. C., 293, *Ibid*, 300), and the right to the *curtesy consummate* contingent upon his surviving her. This interest it is that is forbidden to be sold by *The Code*, § 1840, until it has become vested in possession by the death of the wife. *McCaskill* v. *McCormac, supra.* The husband is still seized in law of the realty of his wife, shorn of the right to take the rents and of power to lease her lands, and relieved of liability of his interest being sold during the wife's life. By reason of such bare seizin he is still a freeholder, and as such has always been deemed eligible as a juror in those cases in which being a freeholder is a. qualification. He has, by the curtsey *initiate*, a freehold interest, but not an estate, in the property.

In holding, however, that the husband, while tenant by the curtesy *initiate*, could maintain an action for the rents of his wife's realty, there was error.

Error.