W. A. JONES v. T. J. COFFEY.

*Curtesy, Tenant by—Possession, Adverse—Limitations, Statute of—Husband and Wife—Damages—Mesne Profits—New Trial.*

1. A tenant by the curtesy *initiate* has not such estate in the land of his wife that will put in operation the statute of limitations against either the husband or wife in favor of one claiming title by adverse possession.

2. In an action to recover land, the plaintiff will not be entitled to recover for rents and damages for a longer period than three years preceding the commencement of the suit, except in those cases where the defendant sets up a claim for improvements.

3. Where there has been error by the Court below in respect to one issue incidental to the others, and which does not affect the others, this Court will direct a new trial only as to that issue.

This was a CIVIL ACTION brought for the recovery of a tract of land, tried at the Special June Term, 1891, of the Superior Court of WATAUGA County, before *Hoke, J.*

The action was commenced March 18, 1889. The plaintiff offered as evidence of title—

1. Grant from the State to Samuel Patton, dated December 10th, 1852, for the land in controversy. 2. A deed from Levi Hefner and wife Mary, and D. E. Kaylor and wife Sarah, bearing date January 12th, 1882.

Evidence was offered to show that the only heirs at law of said Samuel Patton were said Mary Hefner and Sarah Kaylor, his daughters, who were infants when their father died, and were both married before arriving at the age of twenty-one years, and are living with their husbands still. There was evidence offered by plaintiff tending to show that Samuel Patton died in 1853, while the defendant offered testimony to show that he died in 1850.

The defendant offered evidence to show that one Townsend executed a deed for the *locus in quo* in March of the year 1854 to one Wiley Gaither, who immediately took possession and occupied the land until May, 1861, or perhaps till 1863.

Defendant requested the Court to charge the jury—

1. If the *feme* grantors married and had issue born alive during the coverture, their husbands became tenants by the curtesy *initiate*, and adverse possession of the land by the defendant, and those under whom he claims, for seven years continuously, would take away the title of the husband, and plaintiff could not recover.

2. Upon the marriage, the husband became seized of an estate in the land during the coverture, and after issue born alive they were seized of an estate for their own lives, which is derived from the reversion, and an adverse possession for seven years would toll the estate of the husband, though it would not affect the reversion.

3. The burden is on the plaintiff to show that the grantee Patton was the ancestor of the *feme* grantors. It is a latent ambiguity, and plaintiff must remove it. He must show a good title against the world.

The Court declined to give the first and second instructions prayed for, and gave the third.

The Court, after reciting the different positions contended for by the different parties, and adverting to the evidence in each, among other things not excepted to charged the jury as follows:

1. That the burden of the issues was on the plaintiffs, and they must satisfy the jury by a preponderance of the evidence that the grantee of the State, Samuel Patton, was the father of plaintiff's *feme* grantors—Mary Hefner and Susan Kaylor—and that said Samuel Patton died before the adverse entry and occupation by Gaither, and his title descended to his children, who were infants, and continued such during all the time said adverse occupation continued. Then the

JONES *v.* COFFEY.

adverse claim and possession by Gaither, under the circumstances, would have no effect on that title, etc.

2. That as the first and second prayers for instructions by plaintiff, if there was evidence on which to predicate them, the position would not avail defendant, because the plaintiff claimed and offered a deed conveying to him the right and interest of the wives.

3. On the question of damages, plaintiff could recover a fair rental value for the property, and any spoil or injury done same during the adverse occupation by the defendant, and as far back as the beginning of the plaintiff's title, on January 12th, 1882, provided defendant had occupied and possessed the land from the commencement of such title in 1882, and from such time down to the time of trial.

Defendant excepted to the refusal of the Court to give the first and second prayers for instructions, and, also, to the charge of the Court on the question of damages, for that the plaintiff was permitted to recover damages for more than three years before action brought.

There was verdict and judgment for plaintiff, and appeal by defendant.

No counsel for plaintiff.
*Mr. G. N. Folk* (by brief), for defendant.

AVERY, J.: In *Cecil* v. *Smith*, 81 N. C., 285, Justice DILLARD, for the Court, said: "The husband has not, under the present Constitution and laws, nor has he had since the Act of 1848 (passed March 1st, 1849), any interest in the real estate of his wife, which he could sell or lease for life, or any less term of years, except by deed joined by the wife and with her privy examination, and as to the sale of any supposed interest of the husband in the lands of his wife by execution against him, it was declared by said statute, which is still in force and brought forward in Battle's Revisal (ch.

70, § 33), that the same should be null and void in law and equity." The same statute is still in force *in totidum verbis* except the words "in law and equity" at the end of the section, which are mere surplusage. *The Code*, § 1840; *Walton* v. *Parish*, 95 N. C., 259; *Taylor* v. *Apple*, 90 N. C., 343; *Young* v. *Greenlee*, 82 N. C., 346; *Manning* v. *Manning*, 79 N. C., 293.

In *McCaskill* v. *McCormac*, 99 N. C., 548, the Court, speaking of the right of the husband or tenant by curtesy, after the wife's death, say: "But we think it is settled by abundant authority that the purpose of the act was to protect the wife, leaving the right of the husband, and of course his liabilities, unimpaired and unrestricted after her death."

Whatever may be the rights of the husband in the wife's land after she may die intestate, the authorities concur in the view that the husband holds no estate during the life of the wife as tenant by the curtesy initiate which is subject to sale under execution, and which he can assert against the wife. He has the right of ingress and egress and marital occupancy; but can assume no dominion over her land or rents except as her properly constituted agent. Constitution, Art. 10; *Manning* v. *Manning*, *supra*, and *Ibid.*, 300.

The husbands of the two *femes covert* under whom plaintiff claims had no estate in the land in controversy so as to start the statute running against them. *Thompson* v. *Wiggins* and *Walker* v. *Long*, at this term. The wives having been married to their husbands in 1867, though issue had been born to both, were at all times the present owners of whatever estate descended to them from their father before marriage, and, as they were both infants when the father died and the disability of coverture supervened and has continued to the present time, the statute has never been put in motion against either of them, unless their ancestor Patton was alive when Gaither took possession in 1854. The Court instructed the jury that the burden was on the plaintiff to satisfy them that Samuel Patton died before the occu-

pation by Gaither, which began in 1854 under a deed, the loss of which was shown, and continued till 1861.

The plaintiff, having offered deeds from both of the heirs of Samuel Patton, in which their husbands join, is, therefore, the owner of all of the present and prospective interest of his grantors.

Our statutes (§§ 474, 475 and 267 (5) of *The Code*) provides that a plaintiff who prevails in an action involving the title or right to the possession of land, may recover also in the same action the clear annual value of the land and damages for waste or injury to the premises up to the time of trial, but the defendant is not liable for rents accruing or waste or other injury committed for any period previous to three years before suit was brought, except when the defendant prefers a claim for improvements. *Sherrill* v. *Connor*, 107 N. C., 630; *Reed* v. *Exum*, 84 N. C., 430; *Whissenhunt* v. *Jones*, 78 N. C., 361. We think that there was error in the instruction given to the jury that they might allow as damages the fair rental value, and for any spoil as far back as January 12th, 1882, although the summons was not issued till 1889. But it is not necessary or proper that the verdict should be disturbed as to the other issues. The defendant has not shown that the jury were misled to his prejudice in passing upon them. A new trial will be awarded therefore, only as to the issue involving the damages.

New trial as to isue of damages.