W. D. COLWELL ET UX. v. MARTIN O'BRIEN ET UX.

(Filed 22 January, 1930.)

**Specific performance B a—Tenancy by the curtesy initiate is sufficient interest in land to support specific performance against husband.**

> Where in a contract by a husband and wife to convey lands of the wife the wife's privy examination is not taken, the interest of the husband as tenant by the curtesy *initiate* is sufficient to support an action for specific performance against him so far as his interest is concerned.

PETITION by defendants to rehear this case, reported in 196 N. C., 508, 146 S. E., 142.

*Bellamy & Bellamy, John A. Stevens and I. C. Wright for plaintiffs.*
*Bryan & Campbell for defendants.*

STACY, C. J.  Has a tenant by the curtesy *initiate* sufficient interest in land to support an action for specific performance, so far as his interest is concerned, under a contract of sale signed by said tenant and his wife, where the wife's privy examination is not taken?  We think so.

While it is true that a husband as tenant by the curtesy *initiate,* under our present Constitution and laws, has no present estate in his wife's land which he may sell or lease, without his wife's joinder, or which may be taken under execution against him *(Cecil v. Smith,* 81 N. C., 285), nevertheless, after birth of issue alive, curtesy *initiate* is still regarded with us as a valuable interest which may ripen into an estate of freehold, or curtesy *consummate* as at common law.  *Jackson v. Beard,* 162 N. C., 105, 78 S. E., 6; *Jones v. Coffey,* 109 N. C., 515, 14 S. E., 84; *Walker v. Long,* 109 N. C., 510, 14 S. E., 299.  Indeed, in *Thompson v. Wiggins,* 109 N. C., 508, 14 S. E., 301, it was said that "He has, by the curtesy *initiate,* a freehold interest, but not an estate, in the property."

But without regard to the precise interest which a tenant by the curtesy *initiate* may have, the question presently presented is whether the contract of sale, set out in 196 N. C., 508, is valid and capable of being specifically enforced so far as the interest of the male defendant is concerned.  We see no valid reason for disturbing the original opinion heretofore filed in the case.

Petition dismissed.