GEORGE W. HIGGINS AND EVA HIGGINS GIBBS AND HUSBAND, H. C. GIBBS, v. GUY HIGGINS AND WIFE, CINDY HIGGINS, BOB (R. L.) HIGGINS AND WIFE, WINNIE HIGGINS, ET AL.

(Filed 13 October, 1937.)

1. **Partition § 5—**

Where defendants in partition proceedings filed answer pleading sole seizin, the proceeding becomes in effect an action of ejectment.

2. **Same: Ejectment § 13—In action to recover land plaintiff may attack deed set up in answer without allegation of its invalidity.**

In this proceeding in partition defendants pleaded sole seizin, and alleged that the common ancestor under whom plaintiffs claimed had deeded the land to them prior to his death. Plaintiffs introduced the deed in evidence for the purpose of attack, and offered evidence of mental incapacity of the grantor, which evidence was excluded because plaintiffs had not filed a reply alleging its invalidity. *Held:* The exclusion of the evidence was erroneous, defendants having given notice in their answer that they relied upon the deed in question to establish their title, and plaintiffs being entitled, therefore, to anticipate defendant by introducing the deed for the purpose of attack.

APPEAL by the plaintiffs from *Alley, J.,* at June Special Term, 1937, of YANCEY. New trial.

*Anglin & Randolph for plaintiffs, appellants.*
*G. D. Bailey and Charles Hutchins for defendants, appellees.*

SCHENCK, J. This was a proceeding for partition of land, begun before the clerk. Two of the defendants pleaded sole seizin and the other defendants filed no answer. The case was then transferred to the court at term. The proceeding thereby became in effect an action of ejectment. *Dilmore v. Rexford,* 165 N. C., 620.

The plaintiffs alleged that J. N. Higgins died seized of a certain tract of land in Yancey County, leaving them and the defendants as his heirs at law, and that they desired to hold their interests in said land in severalty, and prayed that said lands be partitioned among the plaintiffs and defendants as their several interests appeared.

The defendants Bob (R. L.) Higgins and his wife, Winnie Higgins, filed answer and admitted that J. N. Higgins had died and that the parties, plaintiffs and defendants, were his heirs at law, but denied that he was seized of the land at the time of his death, since he had conveyed the said land to them prior thereto by deed duly recorded 28 May, 1936, in Book 79, at pp. 89-90, Record of Deeds of Yancey County.

The plaintiffs introduced in evidence a deed from one Marinda Higgins to John (J. N.) Higgins covering the *locus in quo,* recorded 12 December, 1885, in Book 10, at p. 191, Record of Deeds for Yancey County, and then offered to introduce in evidence for the purpose of attack the deed from J. N. Higgins to R. L. Higgins and wife, Winnie Higgins, mentioned in the answer, stating that they proposed to show that J. N. Higgins at the time he signed said purported deed was without sufficient mental capacity to make a valid conveyance. Plaintiffs also offered to introduce in evidence testimony of certain witnesses tending to prove that J. N. Higgins was without mental capacity to make a valid conveyance at the time he signed the said purported deed. To the introduction in evidence of the purported deed and of the testimony attacking same the defendants objected, and the objections were sustained, and the plaintiffs reserved exceptions.

It appears in the record that the court predicated its ruling upon the fact that there was no reply filed by the plaintiffs containing any allegation upon which the contention of lack of mental capacity in the grantor in the deed from J. N. Higgins to R. L. Higgins and wife, Winnie Higgins, could be based. This ruling was erroneous.

The second syllabus of *Fitzgerald v. Shelton,* 95 N. C., 519, which properly interprets the opinion, reads: "In an action to recover land, it is competent for one party to show that a deed offered by the other, in support of his title, is void for want of capacity in the vendor, although such deed may have been specially set up in the pleadings and relied upon, and no formal reply thereto or notice of attack given before that trial."

In the ejectment case of *Alley v. Howell,* 141 N. C., 113, wherein there was no allegation of lack of mental capacity, the Court said: "The judge properly admitted evidence upon the question of the mental capacity of Susan Ervin (the common source of title) to execute the deed, as that went to the issue whether legal title had passed to the defendant, and evidence (if offered) of fraud in the *factum* would also have been competent. *Mobley v. Griffin,* 104 N. C., 112; *Jones v. Cohen,* 82 N. C., 80; *Young v. Greenlee, ibid.,* 346."

In *Helms v. Green,* 105 N. C., 251, it is said: ". . . In actions for the recovery of land, as in the old action of ejectment, any deed offered as a link in a chain of title is thereby exposed to attack for

incapacity in the maker or because it was void under the statute of frauds, though it may not have been mentioned in the pleadings. *Jones v. Cohen*, 82 N. C., 75; *Fitzgerald v. Shelton*, 95 N. C., 519."

The fact that the plaintiffs offered in evidence the deed in question for the purpose of attack, instead of waiting to make the attack when the defendants had offered it to prove their title, makes no difference in principle. The defendants had given notice in their answer that they relied upon the deed in question to establish their title, and would therefore introduce it in evidence, and this notice enabled the plaintiffs to anticipate the defendants by introducing the deed for the purpose of attack.

For the errors assigned, the plaintiffs are entitled to a

New trial.