## DEPUTY *v.* STAPLEFORD AND WILLIS.

A DEED obtained through fraud and duress is only voidable, and a *bona fide* purchaser from the vendee in such deed, for a valuable consideration, without notice of the fraud or duress, will hold the property.

The Supreme Court will not review the findings of the Court below in an equity cause upon a question of fact, if the party objecting to the finding and appealing does not move for a new trial, and appeal from the order overruling the motion.

APPEAL from the First District.

Bill to cancel two deeds—the one made by plaintiff on the twenty-eighth of July, 1858, to defendant Stapleford, the other made by Stapleford on the eighth of September, 1858, to defendant Willis—on the ground of fraud and duress.

Prior to the twenty-eighth day of July, 1858, the plaintiff was the owner of certain real estate in the counties of San Bernardino and Tulare. On that day, defendant Stapleford, in conjunction with other parties conspiring with him to that end, compelled Deputy, then at Visalia, to execute to him a deed for all his real estate in the said counties. The circumstances attending this coercion were of the most aggravating character. Deputy had been imprisoned, chained to the floor by the leg, manacled, hung two or three times, whipped with a raw hide in the intervals between the hanging, and threatened with death by hanging, unless he executed the deed, which was presented to him for that purpose. Under these intimidations, and in order to save his life, he signed the deed, but without receiving any consideration therefor. After so doing, his attempt to communicate with his lawyers in San Bernardino, where a large portion of the real estate lay, was frustrated by Stapleford, to enable him to accomplish his purpose. How long Deputy remained imprisoned at Visalia after the execution of the deed to Stapleford of July the twenty-eighth, does not appear, though one witness thought he reached San Bernardino about the tenth or twelfth of August, and was released from his imprisonment about the first of that month.

The deed was recorded at Visalia July 28th, and in San Bernardino on the fourth day of August. Between the eighth

and twelfth of August, Deputy sent to San Bernardino to his lawyer there, a large number of copies of a notice, sworn to by Deputy, setting forth the facts under which the deed was procured, and warning persons not to purchase. On the eighth of September, 1858, Stapleford conveyed the San Bernardino property which Deputy had deeded to him as aforesaid, to defendant Matilda D. Willis, and the deed was recorded at San Bernardino on the same day.

There was a mass of evidence introduced, and the Court found the following facts :

1. That the deed executed by plaintiff to defendant Stapleford, dated July 28th, 1858, was obtained by said Stapleford from plaintiff by means of fraud, duress, coërcion and personal violence, and was never voluntarily executed by plaintiff.

2. That said deed was recorded in San Bernardino county, August 4th, 1858.

3. That on the eighth day of September, 1858, defendant Willis purchased of defendant Stapleford certain lands situated in the county of San Bernardino—being part of the land embraced in the above deed from plaintiff to Stapleford.

4. That defendant Willis paid Stapleford for said land the full cash value thereof, to wit : $4,500 ; that she, Willis, caused an examination of the county records to be made, was an innocent purchaser, and never had any notice, actual or constructive, that the deed from plaintiff to Stapleford was obtained by fraud, coërcion, or personal violence.

5. That forty-one days elapsed between the execution of the deed from plaintiff to Stapleford and the execution of the deed from Stapleford to defendant Willis ; and that during thirty-nine days of that time no impediment existed to plaintiff's filing a notice of his claim with the Recorder of the county, or commencing an action setting forth his claim, when ten days was ample time for plaintiff to commence his action and file his notice.

6. That the deed to Willis was recorded in San Bernardino county September 8th, 1858, and the notice of plaintiff's claim was not filed until November 16th, 1858.

Upon these facts, the Court decreed that the deed of July 28th,

1858, from plaintiff to Stapleford be set aside and canceled as against Stapleford, for fraud, duress, etc.; that as against defendant Willis, the bill of plaintiff be dismissed; and that the title to the lands described in the deed from Stapleford to Willis vest in defendant Willis, her heirs and assigns, as against plaintiff.

A motion for a new trial having been overruled, plaintiff appealed from "the judgment and decree" in favor of defendant and against plaintiff, and from the "whole thereof."

*Winans,* for Appellant.

I. This Court may go behind the finding of the Court below as to the question of notice to defendant Willis. (*Dewey* v. *Bowman,* 8 Cal. 145; *Duff* v. *Fisher,* 15 Id. 380.)

II. The Court erred in finding that there was no notice, actual or constructive, to defendant Willis. (1 Story's Eq. Jurisp. sec. 399; 2 Sug. on Vend. 539; *Jones* v. *Smith,* 1 Hare, Eng. Ch. 43; 1 Hilliard on Vend. 400; *Gibbs* v. *Cobb,* 7 Richards' Eq. 54; *Rupert* v. *Mark,* 15 Ill. 540; *McGehee* v. *Gindrat,* 20 Ala. 95; *Sergeant* v. *Ingersoll,* 15 Penn. 343; *Smith* v. *Law,* 1 Atk. 489; *Carr* v. *Hilton,* 1 Curtis, 390; *Ringold* v. *Bryan,* 3 Md. Ch. 488; *Stockett* v. *Taylor,* Id. 537; 1 Story's Eq. Jurisp. sec. 400, and cases there cited under note 4; *Jackson* v. *Cadwell,* 1 Cow. 623; Newland on Cont. 511.)

*Stanly & Hayes,* for Respondent Willis.

The order denying the plaintiff's motion for a new trial not having been appealed from, and the statement presenting no exceptions to the rulings or judgment of the Court, the only question presented is: Do the findings support the judgment?

I. The respondent Willis being a *bona fide* purchaser for a valuable consideration without notice, is not affected by the fraud or duress of her grantor. She holds the land purged of the fraud. (1 Story's Eq. Jurisp. secs. 64*c,* 434, 436, 410, 381; Broom's Legal Maxims, top p. 458; 2 Story's Eq. Jurisp. sec. 1502; *Jerrard* v. *Saunders,* 2 Vesey Ch. R. 453; Story's Eq. Plead. secs. 603–4; *Jackson* v. *Henry,* 10 John, 197, and cases there cited; *Bean* v. *Smith et al.,* 2 Mason, 252; *Astor* v. *Wells,* 4 Wheat.

Deputy *v.* Stapleford.

487 ; *Trull* v. *Bigelow*, 16 Mass. 418 ; *Wood* v. *Mann et al.*, 1 Sumner, 509 ; *Boone* v. *Chiles*, 10 Pet. 210 ; 2 Sug. Vend. top p. 426, and see the numerous cases cited in note 2, to the text ; 2 Leading Cases in Equity, Part I, and the numerous authorities there collected ; *Somes* v. *Brewer*, 2 Pick. 192) ; and this doctrine is applicable to the case of a deed obtained by duress, which is only voidable, (Id. 197 ; 1 Parsons on Cont. 322) for duress differs but little in its character and effects from fraud. (*Somes* v. *Brewer, supra*, 203 ; 2 Black. Com. top p. 234, Chitty's Ed.)

II. The appellant's silence for forty-one days after the deed to Stapleford had been executed, (thirty-four of which it was on record) and until months after the respondent Willis had purchased, is as conclusive upon him as if he had consented to the sale and been a party to the conveyance to her. (1 Story's Eq. Jurisp. secs. 385-6, 391 ; *Wendell* v. *Van Rensselaer*, 1 John. Ch. 354 ; *Stores* v. *Barker*, 6 Id. 168 ; *Pickard* v. *Sears*, 6 Adolph. & Ellis, 474.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

It is to be regretted, for the sake of public justice, that the alleged outrage, in which the claim of the plaintiff to the relief he seeks in his bill had its origin, cannot be redressed by a restoration of the property of which he was lawlessly deprived. The deed to Stapleford, though procured by fraud and duress, was only voidable, and the vendee of Stapleford, purchasing in ignorance of the facts, can hold the property. This seems to be the rule supported by the general current of decisions. As no motion for a new trial was made and appealed from, we cannot review the findings upon the question of notice to Mrs. Willis of the plaintiff's claim or the facts in connection with it, even if on such review, we could disregard the finding of the Judge, and assign conclusive effect to the statement of the plaintiff's witnesses.

We are compelled reluctantly to affirm the decree.