### JOHN REED v. W. J. EXUM.

*Deed made under duress, cancellation of—Counterclaim for Betterments.*

Upon cancellation of a deed alleged to have been executed under duress, the plaintiff is entitled to a restoration of the land with compensation for its use and such damage as it may have sustained, recoverable out of rents not barred by the statute of limitations. But the defendant is entitled to the counterclaim for the increased value from improvements put upon the land by him, and for the purchase money.

(*Futrill* v. *Futrill*, 5 Jones Eq., 61, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of WAYNE Superior Court, before *Avery, J.*

In this action, commenced on February 28th, 1876, the plaintiff demands the surrender for cancellation of a deed, conveying the land described in the complaint, executed by him to the defendant in 1862, as he alleges, under duress, the restoration of possession, and damages as rent during the defendant's occupation. Issues, eliminated from the pleadings, were prepared and submitted to the jury, which with their findings are as follows:

1. Was the deed from the plaintiff to the defendant, mentioned in the complaint, executed under duress? Ans. Yes.

2. What is the annual value of the land? Ans. $96.40 due December 1st of each year with interest, as improved. The annual rents without improvements would have been $42.90. The first payment was for half year and due December 1st, 1873.

3. What sum was paid the plaintiff by the defendant, and when? Ans. $390 in confederate money January 1st, 1863.

4. What amount should be allowed the defendant for permanent improvements made upon the land? In response, counsel agree that permanent improvements, worth $240, were put on the land by the defendant after the year 1866, but none before.

Thereupon the court adjudged that the defendant reconvey the land to the plaintiff and pay him the sum of $420.60, the aggregate annual rental, not barred by the statute of limitations, in its improved condition, without abatement for the betterments, and from this ruling the defendant appeals.

*Messrs. G. V. Strong* and *W. T. Faircloth,* for plaintiff.
*Messrs. H. F. Grainger* and *W. T. Dortch,* for defendant.

SMITH, C. J.    The deed, though found by the jury to have been obtained by duress, was not for that reason void, but capable of being avoided or confirmed at the election of the grantor. "All grants that are made by duress are voidable by the parties that make them, or others that have their estates," and they may be validated. 2 Shep. Touch., 233, 238; Bacon's Ab., Title, Duress, D; *Somere* v. *Pumphrey*, 24 Ill., 231; *Deputy* v. *Stapleford*, 19 Cal., 302. They should be avoided in a reasonable time after the vitiating force which produced the act has ceased to operate, and a long unexplained delay in asserting the right to annul raises a presumption of acquiescence and ratification. "There is no doubt," say the court in *Brown* v. *Peck*, 2 Wis., 261, " that by long acquiescence in a contract, merely voidable, the right to avoid it may be lost." But this aspect of the case and the consequences of the plaintiff's inaction are not presented in the record for our consideration, and we forbear to express an opinion as to the effect of the delay upon the plaintiff's claim to equitable relief. It would seem unreasonable for the plaintiff to remain quiet, while the defendant is expending his money in the improvement of property, believing to be his own, and to which no claim is put forth for a series of years, and then take it back through the instrumentality of the court without allowing any compensation for its enhanced value. If the apparent laches does not obstruct the recovery of the land, it at least entitles the grantee, who had no option in the matter, to an allowance for its increased value by reason of the expenditures, from the amount with which he may be charged for the use and occupation. While it may be true that the defendant knew, or is presumed to know, as a proposition of law, that a deed thus procured could be set aside by the injured party, it would not be at his own instance without the concurrence of the plaintiff, and he might reasonably infer from the long interval elapsing before any movement is made to

REED v. EXUM.

disturb his possession or title, that the plaintiff was content to let the transaction stand undisturbed. He who asks equity must do equity, and the court in the exercise of its equitable jurisdiction will compel a reconveyance on terms that are just to both parties. *Futrill* v. *Futrill*, 5 Jones Eq., 61. All that the plaintiff is entitled to is the restoration of his land in the state in which it was taken from him, with compensation for the use meanwhile and for any damages it may have sustained. On the other hand, its increase of value from improvements is a proper counter-claim against the wronged owner. But this counter-claim should be discharged from the earlier annual rents, as well as the purchase money paid, and when the successive rents have absorbed the amount of these demands of the defendant, the remaining rents of the land as improved, not extending back beyond three years from the commencement of the suit, will be the measure of the plaintiff's recovery. This increased rent is given because the improvements will then have been discharged out of the plaintiff's funds.

While the record is silent as to the adjustment of the respective claims whereby the sum adjudged is ascertained, and it would seem that all originating before the statutory bar interposes are disregarded, the same result will be reached, if these anterior rents are sufficient upon an estimate in accordance with this opinion; if not, the excess due the defendant must be met from the rents which are not barred.

There must therefore be a reference to the clerk to make the computation upon the basis suggested, unless the parties themselves can agree upon the amount, and when ascertained, the plaintiff will be entitled to judgment therefor and for a reconveyance.

PER CURIAM.                    Judgment modified.