In *Reed* v. *Exum*, from Wayne :

SMITH, C. J. The order of reference made at January term, (84 N. C., 430), directed the clerk to make the computation and ascertain the amount of the plaintiff's damages, upon the basis and according to the rights of the parties declared in the opinion. This involved only a correction of the errors in the ruling of the court below. The referee now reports that the purchase money, reduced by the scale, and the value of the improvements, are absorbed in the rental values allowed by the jury as compensation for the use of the land, which would be barred by the statute of limitations. He has charged the defendant with the damages accruing between the first days of December, 1872 and 1880, inclusive, a period of eight years. In this the directions of the order are not pursued. The action was commenced on October 28, 1876, and the statutory bar defeats

any claim for damages beyond the period of three years immediately preceding that date.    In like manner the damages are assessed by the jury only up to the time of trial in the superior court, and that amount recovered.    The defendant should be charged only with such damages as are assessed by the jury, which accrued between October 28, 1872, and the time when the verdict was rendered, and those not embraced within this period must be stricken from the account.    We think the correction is fairly within the scope of the defendant's first exception, as the overcharge is outside the terms of the reference.    The rest of this, and the other exceptions, are overruled.

The action is for the recovery of land and for damages for withholding possession, and the duress alleged in obtaining the deed is but in anticipation of the defence and a reply to it.    Such a deed may be avoided at law as well as in equity, and an adjudication in either court would be equally decisive.    In an action of this kind, the damages are assessed up to the trial, and such only adjudged.  *Whissenhunt* v. *Jones,* 78 N. C., 361 ; *Burnett* v. *Nicholson, ante,* 99.

The referee will therefore reform his report in the particulars mentioned, and judgment will then be entered for the plaintiff.