WILLIAM PHIPPS *et al.* v. THE KANSAS & COLORADO
PACIFIC RAILWAY COMPANY *et al.*

**No. 10735.**

EMINENT DOMAIN — *railway company taking title by, is protected
against secret equities equally as if purchaser.* In condemn-
ing land for the right of way for a railroad, a railroad company
has the same right to rely on the public records, in determining
who is the owner of the land to be condemned, that any purchaser
would have. Where a right of way is condemned over land in the
possession of one holding a duly recorded tax deed thereto, and
also a patent from the State based on such tax deed, under
which the holder had paid the balance due the school fund on a
certificate of purchase of such land as school land, a report of the
commissioners making the condemnation, naming such patentee
as the owner, followed by a deposit of the condemnation money
with the county treasurer to such patentee's credit, and the sub-
sequent payment thereof to him after the expiration of the time
allowed by law for an appeal from such proceedings, passes a
valid title as against the secret and undisclosed equities of the
heirs of the holder of such certificate of purchase.

Error from Court of Appeals, Southern Depart-
ment. Opinion filed April 10, 1897. *Affirmed.*

*J. D. McCleverty,* for plaintiffs in error.

*Waggener, Horton & Orr,* for defendants in error.

ALLEN, J. This action, originating in the District
Court of Bourbon County, was brought by Wil-
liam Phipps and others against the Kansas & Colo-
rado Pacific Railway Company and the Missouri
Pacific Railway Company. The plaintiffs alleged in
their petition that they were owners of a half-section
of land therein described; that the defendants were
railway corporations, and were in possession of a strip
of land as their right of way across the land of the
plaintiffs; that in 1885 or 1886 the Kansas, Nebraska
& Dakota Railway Company built its road across the
land, without right, and that since that time it was

merged into, and consolidated with, the Kansas & Colorado Pacific Railway Company ; that the defendants and their predecessors have operated the railroad across said land continuously since the construction thereof ; that the defendants had never paid, and that they refused to pay, any sum to the plaintiffs for said land or for the use thereof. The petition concludes with a prayer that the court determine the amount of the plaintiff's damages for the use of the land and the injury thereto, as well as the value of the land ; that the defendants be required to pay such amount within a reasonable time, and that, on failure to pay, they be enjoined from further use and occupancy of the land. The case was tried on an agreed statement of facts, from which it appears that proceedings were instituted by the Kansas, Nebraska & Dakota Railway Company for the condemnation of a right of way across the lands ; that the proceedings for that purpose were regular in form, and resulted in a report, filed on the sixteenth of January, 1886, by the commissioners appointed to assess the damages, awarding to W. H. Van Buskirk $499.50 for damages to forty acres of land, which he in fact owned, and to the south half of the southeast quarter of section thirty-six, which was a part of the half-section of land claimed by the plaintiffs ; the award across the 120 acres being made as for one parcel of land. At the time of these proceedings, this 120 acres was in the actual possession of W. H. Van Buskirk. The plaintiffs claimed title as heirs of David M. Phipps, deceased. Section thirty-six was school land, and Phipps, at the time of his death, which occurred in April, 1872, held a certificate of purchase for the southeast quarter of said section, on which he had paid all the installments except the last two. This land was sold for taxes, September 5, 1876. Daniel

Van Buskirk, a brother of William, obtained an assignment of the sale-certificate thereto, which he assigned to William H. Van Buskirk, who thereafter obtained a tax deed, paid up the balance due the school fund under the certificate of purchase, and obtained a patent to the land from the State. He took and retained possession of the south half of the southeast quarter until June, 1892. On March 18, 1886, Nora and William Phipps, having reached their majority, commenced a suit to partition the east half of section thirty-six, which suit finally resulted in their favor, and in a decision holding that William H. Van Buskirk's title to said eighty acres of land was void as against them, and directing a partition thereof. After the determination of that case, which was twice brought to this court, this action was commenced, on the tenth of June, 1892. The District Court found that the plaintiffs were entitled to recover $808.72, and rendered judgment enjoining the defendants from using the strip of land occupied by them as a right of way unless they should pay said sum within ninety days from the entry of the judgment. On proceedings in error, the Court of Appeals reversed that judgment and directed judgment for the defendants. The plaintiffs bring the case to this court as of right, on the ground that a constitutional question is involved.

It is very earnestly insisted that the provisions of section 4 of article 12 of the Constitution of this State have been disregarded by the Court of Appeals. That section reads : " Section 4. No right of way shall be appropriated to the use of any corporation until full compensation therefor be first made in money, or secured by a deposit of money, to the owner, irrespective of any benefit from any improvement proposed by such corporation." In this case, the amount awarded

for damages across the whole 120 acres was deposited with the county treasurer on the sixteenth of January, 1886, as an award to William H. Van Buskirk ; and was paid to, and receipted for by, him on the fifth of February, 1886. No appeal was taken by any one. It is contended that there was neither payment nor deposit to the owner, within the language of the Constitution ; that a railroad company seeking to acquire title to land by condemnation must seek out the real owner, and see that the award is made to that owner, for him and no one else ; that no right can be acquired through condemnation proceedings if the award and payment are to a person other than the owner. In support of this contention the case of *Gulf Railroad Co. v. Owen* ( 8 Kan. 409 ) is cited ; and the subsequent cases of *C. K. & W. Rld. Co. v. Grovier* (41 id. 685) ; *Goodrich v. Comm'rs of Atchison Co.* (47 id. 355) ; *Rand v. Ft. S. W. & W. Rly. Co.* (50 id. 114) ; and *C. K. & W. Rld. Co. v. Savings Bank* (52 id. 467,) are cited, and distinguished from the one under consideration. The proposition, as declared in the second clause of the syllabus of the decision of the Court of Appeals, that condemnation proceedings of this kind are essentially proceedings *in rem*, is vigorously attacked. On the other side, in support of the decision of the Court of Appeals, various cases are cited, including that of the *C. K. & W. Rld. Co. v. Sheldon* ( 53 Kan. 169).

It may be regarded as settled by the decisions of this court that a condemnation of mortgaged lands and deposit of the condemnation money to the owner, where the mortgagee takes no steps to protect his interest within the time allowed for an appeal, passes a, good title and cuts off the lien of the mortgage. It has also been held that where the wrong person is named as owner, the rightful owner, though not

10—58 KAN.

named in the condemnation proceedings, may appeal from the award. It has not been held, however, that an award and payment to a person having no title to the land would cut off the rights of the owner. The case now presented, however, is one where the plaintiffs had no apparent title at the time of the condemnation. There was nothing on record in any public office showing that they, by name, had ever had any interest in any of this land. It was agreed that the Railroad Company had no actual notice of their rights. It is true that their father, long since deceased, had held a certificate of purchase, but he had never completed his payments and never had held the legal title to the land. The land being taxable, and the taxes remaining unpaid, in due course of time a tax deed was issued to Van Buskirk, and afterward he received from the State of Kansas a patent which unquestionably conveyed to him the legal title to the land. Until the execution of the patent the legal title had remained in the State. Suppose, instead of instituting condemnation proceedings, the Railroad Company had purchased a right of way directly from Van Buskirk, and had taken his deed therefor, would it not have acquired a good title? The claim of the plaintiffs was based on secret equities not appearing from the record. At the time of the condemnation, Van Buskirk was in the open and exclusive possession of the land under a patent from the State. So far as the records in the office of the register of deeds disclosed, his title was full and absolute. The fact that he held a tax deed antecedent in date to his patent, cannot be held to impart notice of any infirmity in his title. Moreover, at the time of the condemnation the plaintiffs were of full age, and had such notice of the condemnation proceedings as is given by publication to all parties interested. They

took no steps to protect their interests; they made no claim to the condemnation money; but they allowed the time for taking an appeal to expire without giving any notice of their rights to the Company. The grounds upon which the plaintiffs successfully attacked Van Buskirk's title were, that he was under obligations to pay the taxes, that he took the tax title in fraud of the plaintiffs' rights, and that the patent conveyed the title from the State to Van Buskirk as a trustee, and, in equity, for their benefit. This, though not appearing in form in the judgment in that case, is the substance of the conclusion then reached. It must have been conceded that the legal title passed out of the State and vested in Van Buskirk under the patent. While he so held the legal title, and before any suit was brought against him by the plaintiffs, the condemnation was perfected. It passed a valid title to the Railroad Company, unaffected by secret equities existing in favor of the plaintiffs as against Van Buskirk. A deed from Van Buskirk, under these circumstances, would have passed a good title. *McNeil v. Jordan*, 28 Kan. 7; *State v. Matthews*, 44 id. 596; *Lawrence v. Investment Co.*, 51 id. 222; *Sellers v. Crossan*, 52 id. 570. It being admitted that the condemnation proceedings were regular in form, the Company is protected equally as if it had obtained a deed from him.

The judgment of the Court of Appeals is affirmed.