No. 20,642.

THE SALINA NORTHERN RAILROAD COMPANY, *Appellee*, v. H.
H. ALLISON, *Appellant.*

SYLLABUS BY THE COURT.

1. RAILROAD — *Condemning Land for Right of Way — Notice.* In condemning land for the right of way of a railroad, the notice authorized by section 2192 of the General Statutes of 1915 is sufficient, even though no map or profile has been filed or notice given as required by sections 2330 and 2331, following *Gulf Railroad Co. v. Shepard,* 9 Kan. 647.

2. SAME. The notice provided for by section 2192 of the General Statutes of 1915 binds the lessee of the real property condemned, although no compensation is given to him, following *C. K. & W. Rld. Co. v. Grovier,* 41 Kan. 685; 21 Pac. 779.

3. SAME. Such a notice is binding on the lessee, even though' he is in the open and notorious possession of the real property.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed May 12, 1917. Affirmed.

*John O. Wilson, John H. Wilson, Frank T. Knittle,* and *Ralph Knittle,* all of Salina, for the appellant.

*David Ritchie,* of Salina, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment rendered against him, awarding the plaintiff possession of certain real property which had been condemned for the use of the plaintiff for railroad right-of-way purposes.

The defendant was in possession of the real property under a lease from the owner for one year, renewable from year to year at the defendant's option.

1. The defendant contends that the condemnation proceedings were void because he had no notice thereof. Notice was published, as required by section 2192 of the General Statutes of 1915, for the required length of time. The defendant's specific objection is that the designation of the route of the plaintiff's right of way was so indefinite and uncertain that it gave the defendant no notice that his property would be

appropriated. So much of the notice as is material for the consideration of this question is as follows:

"Notice is hereby given that The Salina Northern Railroad Company . . . did . . . apply by petition . . . to the Honorable Dallas Grover, Judge of the Thirteenth [Thirtieth] Judicial District embracing Saline County, in the State of Kansas, representing that it proposed to construct and operate a railroad in and through Saline county, Kansas, beginning at or near the West end of Elm Street in the city of Salina, Saline county, Kansas, to and through the townships of Smoky Hill, Pleasant Valley, Ohio, and Glendale, in said Saline County, Kansas, and that the general line, route and right of way of said railroad shall be from said point above described to a point on the west line of said Glendale township south of the northwest corner of section number nineteen (19) therein."

The real property occupied by the defendant was two blocks east and one-half block north of the west end of Elm street. The defendant attempted to prove that the chief engineer of the plaintiff had told him, at the time the engineers were surveying and laying out the plaintiff's right of way, that it would miss the defendant's property by at least twenty feet. That evidence was excluded. The condemnation commissioners assessed the damage to the property occupied by the defendant at twenty-five dollars, and awarded it to the holder of the record title, the defendant's lessor. The plaintiff deposited the condemnation money with the county treasurer. The defendant testified that his improvements on the property were worth eight hundred dollars. There was nothing in the answer nor in the evidence to indicate that the plaintiff had not located a route for the proposed railroad. The notice contained all that was required by the statute, and the objections presented by the defendant are disposed of by *Gulf Railroad Co. v. Shepard*, 9 Kan. 647, where this court said:

"The notice authorized by section 86 of said chapter 23 [Gen. Stat. 1915, § 2192] is sufficient, even though no map, profile, or notice has been filed or given as required by sections 48 and 49 of said act [Gen. Stat. 1915, §§ 2330, 2331]." (Syl. ¶ 2.)

"But it is insisted that, unless the map and profile are filed before the notice is given, no owner can tell whether his land is to be taken, or whether he is one of the parties affected by the notice. The notice, therefore, it is claimed, is so indefinite as to be void. The legislature has provided for this notice. Whether we think a fuller and more specific one ought to be provided or not, we must sustain this unless it conflicts with the constitution, and is void. The line of the road must be

located before application is made for a condemnation of the right of way. See section 81. The filing of the map and profile only makes more public what has been already previously done; though it may be noticed here that the location of the line does not involve the making of a profile. It is enough that the general course of the road through the county is indicated and settled." (p. 655.)

2. The defendant insists that the condemnation proceedings were void because no compensation whatever was given to him. The answer to this contention is contained in *C. K. & W. Rld. Co. v. Grovier*, 41 Kan. 685, 21 Pac. 779, where this court said:

"A failure of the condemnation commissioners to ascertain and designate the owners of the lots or parcels of land taken, or the fact that they name the wrong person as the probable owner in their report, whether it occurs from ignorance or mistake, will not prevent the real owner of any lot or parcel of real estate or interest therein from availing himself of the remedy of appeal." (Syl. ¶ 2.)

(See, also, *C. K. & W. Rld. Co. v. Anderson*, 42 Kan. 297, 301, 302, 21 Pac. 1059; *C. K. & N. Rly. Co. v. Griesser*, 48 Kan. 663, 666, 29 Pac. 1082; *Phipps v. Railway Co.*, 58 Kan. 142, 145, 48 Pac. 573, and *Brown County v. Burkhalter*, 75 Kan. 321, 324, 89 Pac. 655.)

3. The defendant insists that he was in the open possession of the property at the time the condemnation proceedings were had. Under the decisions last cited, it is immaterial that the party complaining was in the open and notorious possession of the property condemned. The plaintiff was bound to take notice under the publication notice and protect his rights accordingly.

The judgment is affirmed.